UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Eddie Markeith Frazier,<br><br>     Plaintiff,<br><br>v.<br><br>Scott David Mueller, *acting in his individual capacity as a Bureau of Criminal Apprehension Officer*,<br><br>     Defendant. | Civ. No. 22-2532 (JWB/TNL)<br><br>**ORDER ON<br>MOTION TO DISMISS** |

Eric A. Rice, Esq., Law Office of Eric A. Rice, LLC, counsel for Plaintiff.

Benjamin Harringa, Esq., Minnesota Attorney General's Office, counsel for Defendant.

Defendant Scott David Mueller, a Minnesota Bureau of Criminal Apprehension ("BCA") agent, shot Plaintiff Eddie Markeith Frazier after locating Mr. Frazier—a murder suspect at the time—in his vehicle. (Doc. No. 1, Compl. ¶¶ 1–20.) Specifically, Agent Mueller and two other BCA agents saw Mr. Frazier stop his car in a driveway near where they were parked in unmarked vehicles waiting for him. (*Id*. ¶¶ 9–13.) The agents yelled at Mr. Frazier to put his hands up. (*Id*. ¶ 7.) When Mr. Frazier put his "hands up while seated in the vehicle," Agent Mueller fired one shot, hitting Mr. Frazier in the right forearm. (*Id*. ¶¶ 18–20.) Mr. Frazier "heard and felt" the gunshot, drove away, and eventually crashed his car before officers apprehended him. (*Id*. ¶¶ 21–24.)

Mr. Frazier filed this lawsuit against Agent Mueller for excessive force, asserting violations of both the Fourth and the Fourteenth Amendments. Agent Mueller has moved

to dismiss the Fourteenth Amendment claim (Count II), arguing that the Fourth Amendment governs this action.

## ANALYSIS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When bringing a suit under 42 U.S.C. § 1983, a plaintiff must make allegations that plausibly support a constitutional violation. *Iqbal*, 566 U.S. at 675–76. This is because section 1983, standing alone, does not establish any substantive rights. 42 U.S.C. § 1983; *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). It merely serves as a procedural vehicle for "vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). Here, Mr. Frazier claims that Agent Mueller violated his rights under both the Fourth and Fourteenth Amendments.

All excessive-force claims arising out of a "seizure" fall under the Fourth Amendment—not the more general Fourteenth Amendment. *Graham v. Connor*, 490 U.S. 386, 395 (1989) ("Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims."). A Fourth Amendment seizure "occurs only when the pursued citizen is physically touched by the police or when [that citizen] submits to a show of authority by police." *Cole v. Bone*, 993 F.2d 1328, 1332 (8th Cir.

2

1993) (citing *California v. Hodari D.*, 499 U.S. 621, 626 (1991)). A citizen is generally "physically touched" when a police officer's bullet strikes that citizen.[1] When there is no seizure, then the Fourteenth Amendment may serve as the underlying violation. *Graham*, 490 U.S. at 395.

Mr. Frazier argues that Agent Mueller could have "accidentally" shot him, which would lack the requisite intent for a Fourth Amendment seizure, thus allowing for at least the possibility of a Fourteenth Amendment violation. Mr. Frazier is correct that a Fourth Amendment seizure requires intentional action. *See Torres v. Madrid*, 141 S.Ct. 989, 998 (2021) ("A seizure requires the use of force with intent to restrain. Accidental force will not qualify."). But at this stage, what Defendant will assert about his intentions at the time of the shooting is unknown. Although plaintiffs are certainly allowed to plead in the alternative,[2] Mr. Frazier has simply not alleged sufficient facts to plausibly state a Fourteenth Amendment violation. *See Iqbal*, 556 U.S. at 678 (noting that courts may only draw reasonable inferences based on the allegations); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) ("Ultimately, evaluation of a complaint upon a motion

---

[1]  *See Ludwig v. Anderson*, 54 F.3d 465, 471 (8th Cir. 1995) (concluding that shooting a fleeing suspect satisfies the physical-force requirement); *Cole*, 993 F.2d at 1332 ("[W]e hold that Cole was not seized until he was struck by the shot from Trooper Rice's revolver."); *Ransom v. Grisafe*, 790 F.3d 804, 811 (8th Cir. 2015) (noting that "a grazing shot or piece of glass" arguably constituted a seizure).

[2]  Rule 8 of the Federal Rules of Civil Procedure permits a plaintiff to plead alternative grounds for relief. Fed. R. Civ. P. 8(d)(2)–(3) (providing that a party may assert alternative claims and also "may state as many separate claims or defenses as it has, regardless of consistency").

3

to dismiss is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679)).

In sum, because Mr. Frazier, at this juncture, has failed to allege facts to support a reasonable inference that Agent Mueller accidentally shot him under the Fourteenth Amendment, Count II of the Complaint will be dismissed.[3]

## ORDER

**IT IS HEREBY ORDERED** that Defendant Scott David Mueller's Motion to Dismiss (Doc. No. 8) is **GRANTED IN PART** and **DENIED IN PART**. Count II of the Complaint is **DISMISSED WITHOUT PREJUDICE**. Defendant's request to dismiss Count II with prejudice is **DENIED**.

Dated: May 8, 2023

*s/ Jerry W. Blackwell*
JERRY W. BLACKWELL
United States District Court Judge

---

[3]     Agent Mueller requests dismissal with prejudice. The Court denies this part of Agent Mueller's request and will dismiss without prejudice at this time. If, through discovery, Mr. Frazier identifies facts supporting a Fourteenth Amendment violation, he may have good cause to amend the Complaint, and the Court will not foreclose that possibility at this juncture. Because the Court dismisses Count II for the reasons stated above, it need not address the other arguments raised.