UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Eddie Markeith Frazier,<br><br>   Plaintiff,<br>v.<br><br>Scott David Mueller, acting in his individual capacity as a Bureau of Criminal Apprehension officer,<br><br>   Defendant. | Case No. 22-cv-2532 (JWB/TNL)<br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO EXCLUDE TESTIMONY OF DEFENSE EXPERT DR. KRIS MOHANDIE** |

## **INTRODUCTION**

Plaintiff Eddie Markeith Frazier ("Frazier") moves to exclude expert testimony of defense expert Dr. Kris Mohandie ("Dr. Mohandie"). The parties reached an agreement on several issues regarding expert testimony. (ECF 41.) The parties were unable to find agreement on a few disputed areas regarding expert testimony. Frazier brings this motion so that some of those disputes can be resolved.

Dr. Mohandie was retained to provide testimony and opinions regarding psychophysiological responses during critical incidents. Frazier requests that Dr. Mohandie's testimony be limited to describing the general effects of those responses, leaving the credibility of officers' statements and specific application of those responses based on the officers' statements to the jury. Permitting Dr. Mohandie to testify about the credibility and significance of the officers' testimony would not aid the jury and would merely usurp their fact-finding function. Because such testimony would be unhelpful to the

1

jury and unduly prejudicial, it should be excluded pursuant to Federal Rules of Evidence 403 and 702.

## STATEMENT OF FACTS

This matter concerns Defendant Scott Mueller's ("Mueller") use of deadly force upon Frazier. A detailed recitation of the facts of the incident is contained in Frazier's Memorandum in Support of his Motion for Summary Judgment and will not be repeated here. (ECF 45 at 2-11.)

During this lawsuit, the defense retained Dr. Mohandie to provide expert opinions regarding psychophysiological responses to critical incidents on various issues, such as tunnel vision, tunnel hearing, time distortion, distance distortion, fear, vulnerability, trauma, fight-or-flight response, and reactionary gap/lag time. In his report, Dr. Mohandie expressed opinions that officers reported experiences consistent with those psychophysiological responses. (Ex. A at 7-19.)[1] Dr. Mohandie also made numerous credibility determinations regarding the evidence and asserted opinions that were little more than vouching for the defense's factual positions. (*Id.*)

In his deposition, Dr. Mohandie explained that he made decisions about credibility and reliability as he assessed evidence in order to offer opinions. (Ex. B at 92:5-93:5.) Dr. Mohandie admitted that his process involved merely reviewing the statements offered by the officers themselves and accepting whether they were credible or not. (*Id*. at 138:11-

---

[1] Unless stated otherwise, references to exhibits refer to exhibits attached to the Declaration of Eric Rice in Support of Plaintiff's Motion to Exclude Testimony of Defense Expert Dr. Kris Mohandie filed with this motion.

2

143:16.) Dr. Mohandie recognized that it would be appropriate for a court to consider whether such opinions would be helpful or admissible in a legal proceeding. (*Id.*)

## LEGAL STANDARD

The admissibility of expert testimony is governed by Federal Rule of Evidence 702. Rule 702 states that an expert may form an opinion if it is more likely than not that:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the Supreme Court emphasized that a district court should be a "gatekeeper" for the admissibility of expert testimony. *Lauzon v. Senco Prods.*, 270 F.3d 681, 685 (8th Cir. 2001). The proponent of the expert testimony bears the burden of proving its admissibility by a preponderance of the evidence. *Id.* at 686. Due to an expert's perceived authority, a court should exclude evidence pursuant to Rule 403 when it offers little probative value and risks confusing or misleading the jury. *United States v. Coutentos*, 651 F.3d 809, 821 (8th Cir. 2011).

## ARGUMENT

Expert testimony should be screened using a three-part test: "First the testimony must be useful to the finder of fact in deciding the ultimate issue of fact, meaning it must be relevant. Second, the expert must be qualified to assist the finder of fact. Third the testimony must be reliable or trustworthy in an evidentiary sense." *Amador v. 3M Co.*, 9 F.4th 768, 777 (8th Cir. 2021) (cleaned up and citations omitted).

"Opinions that 'merely tell the jury what result to reach' are not admissible." *Youa Vang Lee v. Andersen*, 616 F.3d 803, 809 (8th Cir. 2010) (quoting Fed. R. Evid. 704 advisory committee's note). An expert's experience and training alone are not sufficient to assist the jury when the expert merely substitutes their perception of the evidence in place of the jury. *Id*. An expert should not usurp the jury's role by merely adopting and endorsing a particular version of events. *Thomas v. Barze*, 57 F. Supp. 3d 1040, 1059 (D. Minn. 2014).

Here, Dr. Mohandie can speak with authority about the general nature and characteristics of psychophysiological responses. However, Dr. Mohandie does not add any useful analysis when merely applying those general concepts to the officers' statements. It is for the jury to determine whether the officers' claims are consistent with the general conditions described by Dr. Mohandie and whether the officers are credible in their claims.

Dr. Mohandie admitted that he merely reviews an officer's statement to determine whether it is consistent with the responses to a critical incident. (Ex. B at 138:22-139:6.) This form of expert testimony is of the same character that was excluded in *Lee*. In *Lee*, the court left it to the jury to make decisions about images because they were "entirely capable of analyzing the images" themselves. 616 F.3d at 809. Here, a jury is perfectly capable of taking the general information provided by Dr. Mohandie and determining if the officers' statements are consistent and credible with those responses. Dr. Mohandie may not usurp the jury's function by merely providing his own credibility determinations.

Dr. Mohandie has previously had testimony restricted due to improper credibility determinations, speculative opinions, or testimony that usurped rather than assisted a jury.

4

In *Shirar v. Guerrero*, No. EDCV 13-906 JGB (DTBx), 2017 U.S. Dist. LEXIS 232684, at *25 (C.D. Cal. Aug. 2, 2017), the court found that Dr. Mohandie drew "unreasonable inferences from the record, which substantially undermine[d] the reliability of his opinions." Dr. Mohandie's opinions also "lack[ed] a factual basis[.]." *Id*. at *29. The court further found that Dr. Mohandie's general "knowledge and experience" was not a sufficient basis to permit the use of his testimony that was "the product of guesswork." *Id*. at *33-34. The court recognized the risk of unfair prejudice because Dr. Mohandie "relie[d] on facts taken out of context in arriving at his conclusions." *Id*. at *34. As a result, the court largely limited Dr. Mohandie's testimony regarding the mental states and intentions of persons involved in an incident.

The court in *Willis v. City of Fresno*, No. 1:09-cv-01766-BAM, 2013 U.S. Dist. LEXIS 166722 (E.D. Cal. Nov. 21, 2013) limited Dr. Mohandie's testimony in a similar manner as is sought here. In that case, Dr. Mohandie was not able to testify whether officers perceived that a person posed a danger because it was "not an opinion that require[d] an expert" and it was "not helpful because it usurps a conclusion properly reserved for the jury." *Id*. at *3. Although Dr. Mohandie was able to offer general information on psychophysiological responses, the court prevented Dr. Mohandie from testifying about the specific officers' reactions. *Id*. at *3-4.

Here, Dr. Mohandie may not usurp the jury's role and testify about the officers' specific reactions or the specific impact of conditions merely by making credibility judgments about the officers' statements themselves. Frazier has no objection to Dr. Mohandie providing general information about those topics to aid the jury in making their

5

own determinations. But, Frazier requests that Dr. Mohandie be prohibited from becoming a factfinder himself. Accordingly, Frazier requests that Dr. Mohandie be limited from testifying about whether officers experienced certain conditions or the impact of those conditions on specific officers' conduct.

## CONCLUSION

Dr. Mohandie fails to offer useful analysis regarding the officers' specific reactions or conditions during the incident at issue. Frazier respectfully requests that Dr. Mohandie's testimony be limited to general concepts that will aid the jury in making its own determination regarding the existence and impact of the conditions described.

Date: July 18, 2024

**LAW OFFICE OF ERIC A. RICE, LLC**

*s/Eric Rice*
Eric A. Rice (MN #0388861)
1 W. Water St., Ste. 275
St. Paul, MN 55107
P: (651) 998-9660
F: (651) 344-0763
eric@ricedefense.com

*Attorney for Plaintiff*