## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Eddie Markeith Frazier,

        Plaintiff,

    vs.

Scott David Mueller,

        Defendant.

Case No. 22-CV-2532 (JWB/TNL)

**BRIEF IN SUPPORT OF DEFENDANT'S FOURTH MOTION IN LIMINE**

### INTRODUCTION

For his Fourth Motion in Limine, Defendant moves to preclude Plaintiff from presenting any opinion evidence at trial regarding alleged inconsistencies or contradictions between the statement Defendant provided to the Hennepin County Sheriff's Office on May 5, 2017,[1] on the one hand; and Defendant's testimony in this case, on the other hand.

### BACKGROUND

In the aftermath of the officer-involved shooting at issue in this case, Defendant gave a voluntary interview to the Hennepin County Sheriff's Office ("HCSO"), the law enforcement agency tasked with investigating the shooting. The interview was conducted by HCSO Sergeant Cory McLouden on May 5, 2017. Jackie Fallon, an Administrative Assistant at the HCSO, was brought in to transcribe the statement. Defendant attended the interview with his union attorney.

---

[1] Bates-labeled FRAZ001267-001274.

Deposition testimony in this case—including from Defendant, Sergeant McLouden, and Ms. Fallon—is in agreement that not everything said during the interview was transcribed by Ms. Fallon. Instead, Ms. Fallon typed questions and displayed them on a screen. For each question posed, Defendant discussed the question off-the-record with his attorney and Sergeant McLouden. After mutual agreement was reached on an answer, Ms. Fallon typed the answer and displayed it on the screen. She made real-time edits to answers based on input from Defendant, his attorney, and Sergeant McLouden. At the conclusion of the interview, the questions and answers were printed out in statement form, and Defendant signed the form to acknowledge receipt.

At his deposition in this case, Defendant testified that one of the reasons he used force against Plaintiff is that, at the moment he made the decision to shoot, he perceived that Plaintiff was raising his right arm in a manner consistent with presenting a firearm, while Plaintiff's left arm remained on the steering wheel of his car. The statement does not go into the same level of granular detail about Plaintiff's arm movement as does Defendant's deposition testimony. Defendant testified that he shared this same information with Sergeant McLouden during his interview. Neither Sergeant McLouden nor Ms. Fallon recalled one way or the other, as they were deposed more than six years after the interview occurred.

Based on what he perceived are "inconsistencies and contradictions" between Defendant's deposition testimony in this case and the statement, Plaintiff's counsel went to the media to suggest that Defendant changed one of his justifications for using force against Plaintiff, and filed an Internal Affairs Complaint against Defendant with the

2

Minnesota Department of Public Safety.[2] The implication of this posturing[3] is clear: Plaintiff's counsel believes Defendant is lying and hopes to paint Defendant as dishonest.

## ARGUMENT

Credibility determinations belong exclusively to the jury. *United States v. Azure*, 801 F.2d 336, 341 (8th Cir. 1986). Accordingly, it is an abuse of discretion for the Court to permit one fact witness to opine on the credibility of another. *Id.*; *see also United States v. Jones*, 74 F.4th 1065, 1070 (10th Cir. 2023) (collecting authorities and holding trial court's admission of such evidence was plain error); *United States v. Lacerda*, 958 F.3d 196, 208 (3d Cir. 2020) (collecting cases and holding that lay opinion testimony may not "express an opinion about … the credibility of potential witnesses"). The same goes for expert witnesses. *See Nichols v. Am. Nat. Ins. Co.*, 154 F.3d 875, 883 (8th Cir. 1998) ("It is plain error to admit [expert] testimony that is a thinly veiled comment on a witness' credibility[.]") (citation omitted).

Additionally, to be admissible, opinion testimony—whether expert or lay—must be helpful to the jury. *Lee v. Anderson*, 616 F.3d 803, 808-09 (8th Cir. 2010); *United States v. Fulton*, 837 F.3d 281, 298 (3d Cir. 2016) (concluding that under Fed. R. Evid. 701(b)'s

---

[2] *See* Ryan Reiche, *High-ranking BCA Official Facing New Scrutiny Over Shooting at Murder Suspect*, KSTP (February 13, 2024, updated 6:51 PM), https://kstp.com/kstp-news/top-news/high-ranking-bca-official-facing-new-scrutiny-over-shooting-at-murder-suspect/; Deena Winter, *Internal Affairs Complaint Lodged Against State Bureau Deputy Superintendent*, MINNESOTA REFORMER (February 14, 2024, 7:00 AM), https://minnesotareformer.com/2024/02/14/internal-affairs-complaint-lodged-against-state-crime-bureau-deputy-superintendent/.

[3] These accusations damaged Defendant's reputation in the law enforcement community and have proven to be an insurmountable barrier to settlement.

helpfulness requirement, a lay "opinion only qualifies as helpful if it aids or clarifies an issue the jury *would not otherwise be competent to understand.*") (emphasis in original and internal quotations omitted). As to helpfulness, *Lee* is instructive. There, the Eighth Circuit affirmed the district court's exclusion of expert testimony concerning video images captured by a surveillance camera, concluding that such testimony was not helpful because jurors were "entirely capable of analyzing the images" themselves. *Lee*, 816 F.3d at 808-09. Similarly, in *Fulton*, the Third Circuit held that lay opinion testimony comparing a suspect's appearance to surveillance images was unhelpful because the jury was equally equipped to perform that comparison. 837 F.3d at 298-300.

As in *Lee* and *Fulton*, the jury in this case will need no assistance ascertaining whether Defendant's trial testimony conflicts with the statement. And any opinion testimony regarding alleged inconsistencies or contradictions between the statement and Defendant's testimony would impermissibly sway the jury and further attack Defendant's character. It follows that Defendant's fourth motion in limine must be granted.

Dated:  March 6, 2025                      Respectfully submitted

                                           KEITH ELLISON
                                           Attorney General
                                           State of Minnesota

                                           s/ Jeff Timmerman
                                           JEFF TIMMERMAN
                                           Atty. Reg. No. 0352561
                                           MICHAEL GOODWIN
                                           Atty. Reg. No. 0390244
                                           Assistant Attorneys General

445 Minnesota Street, Suite 1400
St. Paul, MN 55101-2131
(651) 583-7660 (Timmerman)
(651) 757-1456 (Goodwin)
jeffrey.timmerman@ag.state.mn.us
michael.goodwin@ag.state.mn.us

ATTORNEYS FOR DEFENDANT