**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Eddie Markeith Frazier,

Plaintiff,

v.

Scott David Mueller, acting in his individual capacity as a Bureau of Criminal Apprehension officer,

Defendant.

Case No. 22-cv-2532 (JWB/JFD)

**PLAINTIFF'S TRIAL BRIEF**

---

## I. Agreed and Disputed Facts.[1]

The parties agree that the defendant was acting under the color of law as a Minnesota Bureau of Criminal Apprehension (BCA) officer on May 3, 2017. The defendant was helping other agencies locate Eddie Frazier, who was suspected of murdering his girlfriend by strangulation.

BCA agents tracked Frazier's cell phone to areas near Minneapolis. Another BCA agent went to a gas station minutes after Frazier had been there. The clerk told the agent that Frazier had tried to steal a screwdriver, but the clerk made Frazier pay for it. While paying for the screwdriver, Frazier had a baggie of what appeared to be drugs in his hand. The agent relayed this information to the defendant.

[1] These facts are provided as a summary of the plaintiff's understanding. Plaintiff in no way waives his right to present evidence on any relevant matter or dispute the defendant's evidence.

Other BCA agents located Frazier in a vehicle on a residential street in Bloomington, Minnesota. The defendant came to the area and saw Frazier in his vehicle as well. The agents were in unmarked vehicles and maintained a low profile. Their plan was to call for marked law enforcement to arrest Frazier.

The agents watched Frazier while Frazier was parked on the side of the street for multiple minutes. Frazier started driving his vehicle toward the cross-street but turned around before leaving the area. The defendant pulled his vehicle up to block Frazier's path back down the street. The defendant got out of his vehicle and aimed his rifle at Frazier while giving multiple commands, including telling Frazier to put his hands up.

The parties agree that Frazier's vehicle was approximately 20 feet away when it started driving toward the officers' position. When Frazier's vehicle was approximately 10 feet away, it had turned sideways, and Frazier had raised his arm in a surrender position; yet Mueller fired one shot from his rifle into the vehicle. The parties agree that the bullet did not damage Frazier's vehicle. The parties agree that the bullet struck Frazier's right forearm and exited the vehicle. The parties appear to agree that the path of the bullet travelled sideways across Frazier's arm from pinky side to thumb side causing a fracture in Frazier's arm. Frazier then left the area quickly. Frazier was later found by other officers after a search. Frazier received medical treatment, including surgeries, following the incident. The treatment Frazier received and the costs billed are not in dispute. The parties agree that the defendant's use of force occurred during an attempted seizure and is subject to the standards of the Fourth Amendment.

The defendant gave a statement to Hennepin County Sheriff's Office ("HCSO") investigators following the incident. The parties agree that the general circumstances of that statement were that HCSO personnel typed questions and responses as they were spoken by the participants. The questions and responses were displayed so that everyone in the room could see them. If someone requested modification, the question or response could be changed. Once the question or response was approved, the interview would continue. At the conclusion of the interview, the defendant was given a copy of the statement to review. He signed the statement.

The parties dispute whether a reasonable officer in the defendant's position would have found a need for deadly force. The parties primarily dispute what the defendant observed when he decided to shoot the Frazier. The defendant appears to contend that he made the decision to shoot when he saw Frazier's vehicle driving toward officers and saw Frazier's arm raising in a threatening manner. The plaintiff disputes that the defendant observed these circumstances or made his decision to shoot based on these observations. The plaintiff contends that a reasonable officer in the defendant's position would not have a need to use deadly force based on the actual circumstances confronting the defendant.

**II. Trial Counsel.**

Eric A. Rice (MN #0388861)
1 W. Water St., Ste. 275
St. Paul, MN 55107
P: (651) 998-9660
F: (651) 344-0763
eric@ricedefense.com

Tim Phillips
Attorney License No. 390907

Law Office of Tim Phillips
331 Second Avenue South, Suite 400
Minneapolis, MN 55401
Tel: (612) 470-7179
Email: tim@timephillipslaw.com

**III. Jury Trial Demand.**

The plaintiff demands a trial by jury.

**IV. Length of Trial.**

The plaintiff estimates that the total length of trial will likely be five days, including jury selection.

**V. Claims or Defenses.**

Frazier has brought a claim for violation of his Fourth Amendment rights due to excessive force by the defendant pursuant to 42 U.S.C. § 1983. Frazier seeks damages, attorney's fees, costs, and other appropriate relief.

**VI. Jurisdiction.**

Frazier brings this action pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and 28 U.S.C. §§ 1331 and 1343(a)(3). These statutory and constitutional provisions confer original jurisdiction of this Court over this matter.

## VII. Facts to be Proven at Trial.[2]

Frazier expects to prove that a reasonable officer in the defendant's position would not have found a need for deadly force when the defendant shot Frazier. An officer in that position would have observed that Frazier's vehicle had turned sideways and that Frazier had raised his arm in a surrender position. Given those circumstances, no need for deadly force existed. Frazier also intends to produce evidence sufficient for a jury to find in his favor regarding the disputed facts stated in Section I.

## VIII. Unresolved Issues.

The parties recently filed motions in limine regarding issues expected to be in dispute. Frazier refers the Court to his motions in limine and responses to the defendant's motions in limine regarding those issues.

The defendant seeks to introduce six exhibits for which the plaintiff does not stipulate to admission. Exhibit D-1 contains material that is not admissible under the Federal Rules of Evidence due to relevance, prejudice, hearsay, and improper bad act concerns. Frazier agrees to permit the introduction of material relevant to information known to the defendant that contributed to his decision to shoot the plaintiff. However, evidence that is not relevant, cumulative, or prejudicial should not be admissible.

Exhibits D-2 and D-3 relate to a third party who had conversations with Frazier before the incident. These exhibits are inadmissible based upon relevance, prejudice, hearsay, and improper bad act concerns. Frazier's interactions with the third party were not

[2] These facts are provided as a summary only. Plaintiff in no way waives his right to present evidence on any relevant matter or dispute the defendant's evidence.

known to the defendant at the time he decided to shoot Frazier. These materials are not relevant to the defendant's use of deadly force on the plaintiff. As discussed in the plaintiff's motion in limine concerning bad act evidence (ECF 93-94), the plaintiff does not intend to testify about any disputed factual matters. Thus, this evidence serves no valid purpose for the issues in dispute and may introduce confusion or undue prejudice if admitted.

Exhibit D-4 is a photograph of drug paraphernalia found in Frazier's vehicle. This evidence is objectionable because it is not relevant, is unduly prejudicial, and constitutes improper bad act evidence. Frazier's possession of this paraphernalia was not known by the defendant when he decided to shoot Frazier, and it is not relevant to the defendant's decision to shoot Frazier.

Exhibits D-5 and D-6 are reports regarding materials found in Frazier's vehicle and on his person. Frazier has agreed to permit the defendant to introduce relevant and proper materials found in the vehicle or on his person. However, the defendant seeks to introduce additional items contained in this report, such as the drug paraphernalia photographed in Exhibit D-4. This information is not relevant, is unduly prejudicial, and constitutes improper bad act evidence. Frazier's possession of these materials was not known by the defendant when he decided to shoot Frazier, and it is not relevant to the defendant's decision to shoot Frazier.

The parties conferred regarding jury instructions and have noted disputed requests on the proposals filed with the Court. The parties disagree about special interrogatories that would be submitted to the jury to aid the Court's consideration of the defense of qualified

immunity. The plaintiff contends that the special interrogatories submitted by the defendant are inconsistent with *Littrell v. Franklin*, 388 F.3d 578, 585 (8th Cir. 2004), which permitted simple fact interrogatories regarding matters relevant to qualified immunity. The plaintiff contends that the defendant's requested interrogatories misstate the burden of evidence, the applicable law, are confusing, and require the jury to make legal determinations. The plaintiff proposes that the defendant identify specific disputed facts that the defendant contends are relevant to his claim of qualified immunity. If the defendant produces sufficient evidence at trial to put those matters into factual dispute, the plaintiff requests that simple fact interrogatories regarding the factual dispute be used. Otherwise, the plaintiff opposes the use of the defendant's proposed special interrogatories.

**IX. Audio/Visual Equipment.**

The plaintiff expects to use a laptop to publish exhibits in digital form. A screen sharing connection with audio capabilities, standard in federal court, should be sufficient for these purposes. The plaintiff may also use software that permits digital drawings to create exhibits. The plaintiff may use Procreate on an iPad or other suitable solution for this function.

Date: March 13, 2025

**LAW OFFICE OF ERIC A. RICE, LLC**

*s/Eric Rice*
Eric A. Rice (MN #0388861)
1 W. Water St., Ste. 275
St. Paul, MN 55107
P: (651) 998-9660
F: (651) 344-0763
eric@ricedefense.com

**LAW OFFICE OF TIM PHILLIPS**

TIM PHILLIPS
Attorney License No. 390907
Law Office of Tim Phillips
331 Second Avenue South, Suite 400
Minneapolis, MN 55401
Tel: (612) 470-7179
Email: tim@timephillipslaw.com

ATTORNEYS FOR PLAINTIFF