UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Eddie Markeith Frazier,

        Plaintiff,

v.

Scott David Mueller, *acting in his individual capacity as a Bureau of Criminal Apprehension Officer*,

        Defendant.

Civ. No. 22-2532 (JWB/JFD)

**ORDER ON MOTIONS IN LIMINE**

---

The parties have filed multiple motions in limine. Based on the submissions, and all files, records, and proceedings in this case, **IT IS HEREBY ORDERED** that:

1. Defendant's First Motion in Limine (Doc. No. 78) is **GRANTED.** Plaintiff may not present any evidence, argument, statement, or reference at trial regarding unrelated incidents of alleged police misconduct. This includes, without limitation, any evidence, argument, statement, or reference to George Floyd, Jamar Clark, Daunte Wright, Philando Castille, Winston Boogie Smith, Amir Locke, Ricky Cobb II, Jaleel Stallings, or other local or national cases involving excessive force, as well as to any associated political or social movements, such as Black Lives Matter, Blue Lives Matter, All Lives Matter, or police perceptions generally. The District's Implicit Bias video will be played to the jury prior to coming to the Courtroom for voir dire.

2. Defendant's Second Motion in Limine (Doc. No. 80) is **GRANTED**. Plaintiff may not present any evidence, argument, statement, or reference at trial about whether Defendant is or was indemnified by the State of Minnesota, the Minnesota

Department of Public Safety, the Minnesota Bureau of Criminal Apprehension, or any other agency.

    3.    Defendant's Third Motion in Limine (Doc. No. 82) is **GRANTED IN PART** and **DENIED IN PART**. Defendant agrees that Mr. Flosi may testify generally about customary police practices as applied to the facts of this case.

    a. Regarding Opinion 1, the motion is **GRANTED IN PART** and **DENIED IN PART**. Mr. Flosi is allowed to testify regarding standard police training on evaluating threats, including how officers are trained to reassess when a threat (like a vehicle) is no longer imminent. He should not opine on what Mueller perceived or whether the use of force was "objectively unreasonable." Therefore, testimony on police training is allowed. Conclusions on reasonableness are excluded.

    b. Regarding Opinion 2, the motion is **GRANTED IN PART** and **DENIED IN PART**. Consistent with the ruling relating to Opinion 1, Mr. Flosi may testify about what training dictates when a subject raises their hands in response to commands. But Mr. Flosi must avoid stating the legal conclusion that deadly force was unreasonable. Therefore, Opinion 2 is allowed with limitations. The testimony should focus on standards and practices, not conclusion.

    c. Regarding Opinion 3, the motion is **GRANTED IN PART** and **DENIED IN PART**. Opinion 3 blends factual and legal conclusions. It will be permissible for Mr. Flosi to explain the training requirements for articulating a threat and how reports are typically evaluated by other officers, but he should not declare Mueller's articulation as legally inadequate or insufficient. Therefore, Opinion 3 is allowed in part, and limited to training on documentation and assessment, not on whether Mueller's use of force was justified.

    d. Regarding Opinion 4, the motion is **GRANTED IN PART** and **DENIED IN PART**. Opinion 4 is allowed with limitations. Testimony by Mr. Flosi explaining that police training requires specific articulable threats before use of deadly force is permissible. Statements about what Mueller "should have known" or "must have believed" are excluded.

    e. Regarding Opinion 5, the motion is **DENIED**. Opinion 5 is allowed, however with a caution. Testimony about how officers are trained to interpret movements during a surrender is helpful, especially with conflicting

accounts here. But Mr. Flosi may not testify that Mueller's interpretation was implausible or unreasonable.

    f. Regarding Statement 1, the motion is **GRANTED IN PART** and **DENIED IN PART**. Statement 1 is allowed, but with limitations. Mr. Flosi may testify that officers are trained to consider the possibility of compliance in similar scenarios. But testimony about what Frazier actually intended is speculative and not allowed.

    g. Regarding Statement 2, the motion is **DENIED**. If the analysis testimony is rooted in observable facts (i.e., the biomechanics) and framed within how police training teaches officers to interpret movements like arm raising, the statements are permissible. Speculation or conclusions about visibility or Mueller's perception is not permitted.

    h. Regarding Statement 3, the motion is **GRANTED**. Statement 3 is excluded entirely.

4. Defendant's Fourth Motion in Limine (Doc. No. 85) is **GRANTED**. Plaintiff may not present any opinion evidence at trial regarding Defendant's credibility or truthfulness, including alleged inconsistencies or contradictions between his testimony and the May 5, 2017 statement he provided to the Hennepin County Sheriff's Office. Non-hearsay testimony about what was said is permissible. The May 5, 2017 statement may be used for impeachment purposes.

5. Plaintiff's Motion in Limine to Exclude Bad Acts Evidence (Doc. No. 93) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. Regarding Request 1, the motion is **GRANTED IN PART** and **DENIED IN PART**. The parties agree that certain bad acts Mueller knew about before the shooting—that Frazier was a murder suspect, had a history of violence, appeared intoxicated, and was seen with drugs at a gas station—may be admissible under Federal Rules of Evidence 401 and 404(b), as informing Mueller's perception of risk and the need for force. Therefore, bad acts evidence is admissible but limited to explain the officer's state of mind and decision to use force. A limiting instruction will accompany such bad acts testimony, emphasizing relevance of the information only to officer's knowledge and perceived threat level at time of encounter.

3

    b. Regarding Request 2, the motion is **GRANTED IN PART** and **DENIED IN PART**. Felony convictions are allowed for impeachment purposes under Federal Rule of Evidence 609. However, that evidence is limited in scope to name, date, and disposition. Any underlying facts about the bad acts are excluded unless Plaintiff opens the door (for example, if contesting facts or credibility become a central issue). If bad acts evidence is used for impeachment, a Rule 403 limiting instruction will be provided, especially for the murder and fleeing convictions related to the same incident.

    c. Regarding Requests 3 and 4, the motion is **GRANTED**. Mueller has testified that he received general information from another agent regarding Plaintiff's involvement in drug sales, but he could not recall the source. Plaintiff objects to this testimony at trial as unreliable hearsay and overly prejudicial. Unsourced and vague hearsay testimony is excluded, unless the defense can establish the foundation for Mueller's receipt of the information and tie it to his perception at the time of the incident. Otherwise, this testimony lacks probative value and is excluded under Federal Rule of Evidence 403.

6. Plaintiff's Motion in Limine to Exclude Officer Testimony (Doc. No. 95) is **GRANTED IN PART** and **DENIED IN PART**. Defendant Mueller must not provide expert opinion testimony. However, Mueller can provide testimony about what he perceived based on his training and experience. Plaintiff may renew a request for a curative instruction if the need arises.

7. Plaintiff's Motion in Limine to Exclude (Restrict) Expert Testimony of Dr. Mohandie (Doc. No. 97) is **GRANTED**.

8. Plaintiff's Motion in Limine to Exclude Collateral Source Evidence (Doc. No. 99) is **GRANTED**.

9. Plaintiff's Motion in Limine for Attorney Conducted Voir Dire (Doc.

No. 101) is **GRANTED IN PART** and **DENIED IN PART**. Attorneys for each party may conduct voir dire following questioning by the Court. Each party will have no more than **20 minutes** to conduct questioning.

Date: March 31, 2025                                  *s/ Jerry W. Blackwell*_____
                                                                        JERRY W. BLACKWELL
                                                                        United States District Judge

5